[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10694
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-60707-CV-LRJ

VINCENT FAVUZZA, JR.,

                                        Plaintiff-Appellant,

                    versus

WILTON MANORS, Police Department,
FORT LAUDERDALE POLICE DEPARTMENT,

                                        Defendants,

OSCAR GONZALEZ, Officer,
KENNETH KELLEY, Officer,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 13, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Vincent Favuzza, Jr. appeals the magistrate judge's denial of his motion for a new trial based on improper closing argument in his 42 U.S.C. § 1983 action against Wilton Manors Police Department Officer Oscar Gonzalez and Fort Lauderdale Police Department Officer Kenneth Kelley, as well as the officers' respective police departments, alleging that violations of Favuzza's Fourth, Fifth, and Fourteenth Amendment rights occurred in the course of his arrest. After careful review of the pertinent parts of the record and consideration of the parties' arguments, we affirm the magistrate judge's decision.[1]

The parties are familiar with the underlying facts and, accordingly, we limit our factual discussion to the circumstances surrounding the motion for a new trial. Prior to trial, Officer Kelley moved <u>in limine</u> to exclude any evidence regarding his Internal Affairs file ("IA file "). In support of the motion, Kelley's counsel told the district court that the IA file was "on other matters that have nothing to do with this case," to which Favuzza attorney responded: "Your honor, we don't intend to introduce any of that evidence." Thus, the parties' agreement on the exclusion of the IA file

---

[1]The parties filed a written consent to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636.

ultimately mooted the  limine  motion.  There was no further discussion of the IA file,

nor was the file introduced or so much as referenced during the subsequent trial.

At the end of the two-day jury trial, during her closing argument, Gonzalez's

counsel made the following argument, which is now challenged in this appeal:

> Credibility of a witness. you haven't heard any history, any background of either of these two officers that would lead you to believe there was anything in their background that gave you reason not to believe them. You put that over here, and then you put the credibility of Mr. Favuza right here.  And who's the more credible witness?  Who is the more credible party to this case?  An eight-time 25-year-old convicted felon or police officers that came before you with no evidence of any prior problems on the police force.  Let me tell you something, if it was there, you would have heard it.  So you can only --

Favuzza's counsel lodged an objection, which the district court overruled.

Gonzalez's attorney concluded "[y]ou can only assume that it's not there." During

rebuttal argument, Favuzza's attorney said this:

> Now, they say that if these officers had a bad past, if they have been accused of this stuff before, you would have heard that.  Well, honestly, ladies and gentlemen, I don't know.  My co-counsel doesn't know, and Vinnie [Favuzza] doesn't know.  We don't know about these officers' past.  We don't have any resources to find out.  So don't assume that they have never done anything wrong.  In fact, you can just as much assume that they have done something wrong.

Finally, in the course of charging the jury, the district court admonished the jury:

"remember that anything the lawyers say is not evidence in this case."  The jury

returned a verdict in favor of the defendants.

3

Favuzza then moved for a new trial, arguing that the reference to "prior problems in the police force" prejudiced him and influenced the jury's verdict to such an extent that a new trial was warranted. The magistrate judge disagreed. She noted the high standard applicable to such arguments, which requires the movant to show that counsel's improper conduct "was such as to impair gravely the calm and dispassionate consideration of the case by the jury." See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1474 (11th Cir. 1992). In a thorough and well-reasoned order, the magistrate judge concluded that Favuzza had not met his burden to show sufficient prejudice. This appeal followed.

As a preliminary matter, our review of the entire record reveals that it is not at all clear the challenged argument was improper. Favuzza, who volunteered prior to trial that he did not intend to use the IA file (thus mooting the in limine motion), never attempted to offer the IA file or any other evidence of "prior problems in the police force" in connection with these defendants. Accordingly, counsel's comments on the lack of a prior history was an entirely appropriate characterization of the evidence before the jury.

Moreover, after defense counsel made the above-quoted argument, Favuzza's attorney was given the opportunity to rebut, and did rebut, the plaintiff's characterization of the lack of evidence. He argued that, based on the lack of

4

evidence of prior history, the jury could "just as much assume that they have done something wrong." In addition to counsel's rebuttal argument, we note that the district court advised the jury that the lawyers' arguments were not evidence.

Even if the argument was error, we are hard-pressed to conclude that the argument rose to the level of misconduct necessary for granting a new trial. Again, in order to warrant a new trial based on improper conduct by counsel, including improper closing argument, a party must show that "the conduct was such as to impair gravely the calm and dispassionate consideration of the case by the jury." BankAtlantic, 955 F.2d at 1474. Given that no IA file was introduced, due in large part to Favuzza's pre-trial agreement that he was not going to introduce such evidence, we fail to see how an argument highlighting that omission affected, one way or the other, the jury's decision. Indeed, as Favuzza's attorney recognized during rebuttal argument, the lack of such evidence could just as well have been construed in his client's favor.

Simply put, we can find no abuse of the magistrate judge's broad discretion in ruling on the motion for new trial. See id. (reviewing district court's denial of motion for new trial based on counsel's improper conduct for abuse of district court's "broad discretion"). As we have explained, abuse-of-discretion review

5

recognizes the range of possible conclusions the trial judge may reach. By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a de novo standard of review. As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2516, 161 L. Ed. 2d 1114 (2005). In the context of alleged improper conduct by counsel, application of the deferential abuse-of-discretion standard is particularly appropriate since it is the magistrate judge who "had the opportunity to hear the [allegedly] offensive remarks within the context of the argument and to view their effect on the jury."" BankAtlantic, 955 F2d at 1474 (internal quotation marks and citation omitted). Our review of the record reveals no abuse of discretion by the magistrate judge who, in a well-reasoned order, thoroughly considered and rejected all of the arguments Favuzza raises here. Accordingly, we affirm.

**AFFIRMED.**